UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ANDREW S. FAIRFIELD,
TRACY FAIRFIELD, individually and
as mother and next friend of
MEGAN FAIRFIELD and
ERIN FAIRFIELD,
        Plaintiffs,

v.

MASSACHUSETS STATE
CARPENTERS HEALTH BENEFITS
FUND, HARRY R. DOW and
JAMES W. BUCKLEY, JR.,
        Defendants.

MJ Bowler

04    12604    PBS

Civil Action No.

RECEIPT # 60786
AMOUNT $150
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 12/13/01

**COMPLAINT**

**Nature of Action**

1.    This action, as hereinafter is more fully set forth, is instituted under

the Employee Retirement Income Security Act of 1974 ("ERISA") and

Massachusetts statutory and common law to obtain declaratory and injunctive

relief and to recover damages for injury and damages caused by the defendants

to the plaintiffs.

**Jurisdiction and Venue**

2.    Count One of this action is brought pursuant to the Employee

Retirement Income Security Act ("ERISA"), a federal statute enacted pursuant to

the Interstate Commerce Clause of the United States Constitution.

3.    Jurisdiction for the District Court to hear Count One is proper

pursuant to 29 U.S.C. § 1132(e)(1) as well as 28 U.S.C. § 1331, and the pendent

state law claims may be heard pursuant to 28 U.S.C. § 1367(a).

4.    Venue is proper in the District of Massachusetts pursuant to 29 U.S.C. § 1132(e)(2), as the plan is administered in the District of Massachusetts, the breach occurred in the District of Massachusetts, and each defendant resides or may be found in the District of Massachusetts.

5.    Venue is also proper in the District of Massachusetts pursuant to 28 U.S.C. § 1391(b), as all defendants reside in the Commonwealth of Massachusetts, which is within the jurisdiction of the District of Massachusetts, and a substantial part of the events or omissions giving rise to the claims herein occurred in the District of Massachusetts.

## Parties

6.    Plaintiff Andrew S. Fairfield lives and resides at 512 Maple Street, Franklin, Middlesex County, Massachusetts.

7.    Plaintiff Tracy Fairfield, who at all times relevant has been married to Andrew S. Fairfield, lives and resides as 512 Maple Street, Franklin, Middlesex County, Massachusetts.

8.    Plaintiff Megan Fairfield is the minor child of Andrew and Tracy Fairfield and lives and resides at 512 Maple Street, Franklin, Middlesex County, Massachusetts.  This action is brought on her behalf by her mother and next friend Tracy Fairfield.

9.    Plaintiff Erin Fairfield is the minor child of Andrew and Tracy Fairfield and lives and resides at 512 Maple Street, Franklin, Middlesex County, Massachusetts.  This action is brought on her behalf by her mother and next friend Tracy Fairfield.

2

10.    Defendant Massachusetts State Carpenters Health Benefits Fund is an organization established under law for purposes of providing benefits including health benefits to members of the United Brotherhood of Carpenters and Joiners of America, and it has a principal place of business located at 350 Fordham Road, Wilmington, Middlesex County, Massachusetts.

11.    Defendant Harry R. Dow is the Executive Director of the Massachusetts State Carpenters Health Benefits Fund and has a principal place of business located at 350 Fordham Road, Wilmington, Middlesex County, Massachusetts.

12.    Defendant James W. Buckley, Jr., is the Health Fund Administrator of the Massachusetts State Carpenters Health Benefits Fund and has a principal place of business located at 350 Fordham Road, Wilmington, Middlesex County, Massachusetts.

### Factual Allegations

13.    Plaintiff Andrew S. Fairfield was involved in a serious motor vehicle accident which caused him to lose over a year of work, to incur reasonable and necessary medical expenses and to suffer great pain of mind and body.

14.    As a result of the aforementioned motor vehicle accident, Andrew S. Fairfield retained an attorney for the purpose of instituting a civil action for damages.

15.    The insurance carrier for the other driver in the aforementioned civil action offered $20,000.00 (Twenty Thousand Dollars) to Andrew S. Fairfield to settle the case.

3

16. There was a dispute between Andrew S. Fairfield and that attorney which led to an immediate cessation of that attorney's representation of Andrew S. Fairfield with regard to the aforementioned civil action and any other matters.

17. Andrew S. Fairfield rejected the $20,000.00 (Twenty Thousand Dollar) offer.

18. As a result of the dispute with his attorney, Andrew S. Fairfield retained another attorney to represent him in connection with the aforementioned civil action.

19. Tracy Fairfield, both individually and on behalf of her children Megan Fairfield and Erin Fairfield, also retained this second attorney to join in the aforementioned civil action and bring claims for loss of consortium arising from the aforementioned motor vehicle accident.

20. The Defendant Massachusetts State Carpenters Health Benefit Fund provided healthcare benefits to Andrew S. Fairfield and paid reasonable and necessary medical expenses incurred in connection with his aforementioned motor vehicle accident.

21. The aforementioned insurance carrier then offered a settlement in the amount of $5,000.00 (Five Thousand Dollars) to Andrew S. Fairfield, and $5,000.00 (Five Thousand Dollars) to each of Andrew S. Fairfield's family members, namely Tracy Fairfield, Megan Fairfield and Erin Fairfield.

22. Defendant Massachusetts State Carpenters Health Benefit Fund through Defendant James W. Buckley, Jr. agreed to the latter settlement offer and to participation in such a settlement by agreeing to accept one-third of the

4

$5,000.00 (Five Thousand Dollars) being offered to Andrew S. Fairfield in full and complete discharge of any lien or right to reimbursement the State Carpenters Health Benefit Fund had or may have had to medical bills it paid arising out of this accident.

23.    This agreement was clear and unqualified.

24.    The dissolution of the attorney-client relationship with the Plaintiffs was acrimonious.

25.    The aforementioned dissolution of the attorney-client relationship let to a complaint by Plaintiffs Andrew S. Fairfield and Tracy Fairfield against said attorney.

26.    As part of his defense to the Board of Bar Overseers proceeding, the accused attorney directly or indirectly, personally or through his agents, servants, employees or attorneys engaged in impermissible contact with Defendant James W. Buckley, Jr. and Defendant Massachusetts State Carpenters Health Benefit Fund, both of whom violated the privacy rights of the Plaintiffs and the rights of privilege and privacy of the prior attorney associated with the representation of Andrew S. Fairfield.

27.    The aforementioned impermissible contact provided false, misleading and untrue information to Defendants which spurred Defendants to breach their contract of settlement and resolution of the lien claim and caused Plaintiffs each to incur substantial cost and expenses in protecting the amounts due to them under the settlement.

28.    As a further consequence of the receipt of the aforementioned false, misleading and untrue information, Defendants have cut off Plaintiff Andrew S. Fairfield's family benefits and are attempting to extort and force the payment of monies in excess of the agreed-to one-third of the $5,000.00 (Five Thousand Dollar) settlement due to Andrew S. Fairfield from the settlement of his aforementioned civil action.

### COUNT ONE

**Declaratory Judgment Pursuant to the Employee
Retirement Income Security Act of 1974 (ERISA)
(28 U.S.C. § 2201(a) and 29 U.S.C. § 1001 *et seq.*)
(Against all Defendants)**

29.    Plaintiffs restate, reiterate and re-allege each and every statement contained in paragraphs 1 through 28 hereof.

30.    The statements stated heretofore constitute a case of actual controversy.

31.    Plaintiff Andrew S. Fairfield is a participant of the Massachusetts State Carpenters Health Benefit Fund as defined by 29 U.S.C. § 1002(7).

32.    Plaintiffs Tracy Fairfield, Megan Fairfield and Erin Fairfield are beneficiaries of the Massachusetts State Carpenters Health Benefit Fund as defined by 29 U.S.C. § 1002(8).

33.    Defendant Massachusetts State Carpenters Health Benefit Fund is an employee benefit welfare program as defined by 29 U.S.C. § 1002(1)(A) and is subject to ERISA under 29 U.S.C. § 1003(a).

34.    Defendant Harry R. Dow is a fiduciary with respect to the Massachusetts State Carpenters Health Benefit Fund as defined by 29 U.S.C. § 1002(21)(A)(i) and (iii).

35.    Defendant James W. Buckley, Jr. is the administrator of the Massachusetts State Carpenters Health Benefit Fund as defined by 29 U.S.C. § 1002(16)(A), and is a fiduciary with respect to the Massachusetts State Carpenters Health Benefit Fund as defined by 29 U.S.C. § 1002(21)(A)(i) and (iii).

36.    Plaintiff Andrew S. Fairfield is entitled to bring a civil action to enforce his rights under the terms of the benefit welfare program under to 29 U.S.C. § 1132(1)(B).

37.    Defendants actions have constituted a breach their fiduciary duties to Plaintiffs in contravention of the requirements of 29 U.S.C. § 1104.

38.    Defendants actions subject them to liability under 29 U.S.C. § 1105.

39.    As a result of the Defendants' actions, Plaintiffs seek a declaratory judgment pursuant to 28 U.S.C. § 2201(a) as to the rights of the parties under ERISA, 29 U.S.C. § 1001 *et seq.*

**COUNT TWO**

**Breach of Contract**
**(Against Defendant Massachusetts State Carpenters Health Benefit Fund)**

40.    Plaintiffs restate, reiterate and re-allege each and every statement contained in paragraphs 1 through 39 hereof.

41.    Defendant Massachusetts State Carpenters Health Benefit Fund through Defendant James W. Buckley, Jr. agreed to accept one-third of the

7

$5,000.00 (Five Thousand Dollars) being offered to Plaintiff Andrew S. Fairfield by the insurance carrier in the aforementioned civil action in full and complete discharge of any lien or right to reimbursement it had or may have had to medical bills it paid arising out of this accident.

42.    Defendant Massachusetts State Carpenters Health Benefit Fund then breached its contract of settlement and resolution of the lien claim with Plaintiff Andrew S. Fairfield by refusing said offer and payment after having accepted it, insisting on more money and then withholding benefits to Plaintiffs.

## COUNT THREE

### Unfair or Deceptive Trade Practices
### (G.L. c. 93A, §§ 2(a) and 9)
### (Against Defendant Massachusetts State Carpenters Health Benefit Fund)

43.    Plaintiffs restate, reiterate and re-allege each and every statement contained in paragraphs 1 through 42 hereof.

44.    Defendant Massachusetts State Carpenters Health Benefit Fund's breach of contract and denial of benefits to Plaintiffs constitute unfair and deceptive trade practices under G.L. c. 93A, §§ 2(a) and 9, subjecting Defendant Massachusetts State Carpenters Health Benefit Fund to damages, attorney's fees and costs.

45.    Defendant Massachusetts State Carpenters Health Benefit Fund's unfair and deceptive trade and business practices caused the foreseeable and significant loss of Plaintiffs' money and property.

46.    The use of these unfair and deceptive acts and practices was
knowing and willful, subjecting Defendant Massachusetts State Carpenters
Health Benefit Fund to treble damages.

### COUNT FOUR

### Intentional Interference with Contractual Relationships
### (Against James W. Buckley, Jr.)

47.    Plaintiffs restate, reiterate and re-allege each and every statement
contained in paragraphs 1 through 46 hereof.

48.    Plaintiffs had a contract with Defendant Massachusetts State
Carpenters Health Benefit Fund for complete discharge of any lien or right to
reimbursement it had or may have had to medical bills it paid arising out of
Plaintiff Andrew S. Fairfield's accident.

49.    Defendant James W. Buckley, Jr. knowingly, intentionally and
improperly interfered with said contract after engaging in impermissible contact
with the aforementioned attorney who was undergoing disciplinary proceedings
with the Board of Bar Overseers.

50.    The resultant breach of contract by Defendant Massachusetts State
Carpenters Health Benefit Fund and cutting off of Plaintiffs' benefits, caused by
Defendant James W. Buckley, Jr.'s interference with said contract, has caused
Plaintiffs harm.

9

## COUNT FIVE

### Invasion of Privacy
### (Against All Defendants)

51.    Plaintiffs restate, reiterate and re-allege each and every statement contained in paragraphs 1 through 50 hereof.

52.    Defendants' impermissible contact with the Plaintiffs' former attorney constituted an invasion of privacy by disclosing information in a manner highly offensive to a reasonable person and not of legitimate concern, in violation of the common law and G.L. c. 214, § 1B.

## COUNT SIX

### Intentional Infliction of Emotional Distress
### (Against James W. Buckley, Jr.)

53.    Plaintiffs restate, reiterate and re-allege each and every statement contained in paragraphs 1 through 51 hereof.

54.    Defendant James W. Buckley, Jr., through his actions, intended to inflict emotional distress or knew it to be the likely result of his actions, his conduct was extreme and outrageous, beyond all possible bounds of decency and utterly intolerable, Defendant James W. Buckley, Jr.'s conduct caused the emotional distress, and the distress was so severe that no reasonable person could be expected to endure it.

WHEREFORE, Plaintiffs each demand judgment for declaratory relief and all such amounts that the Court deems each Plaintiff entitled to recover together with interest, costs and attorney fees.

## Jury Claim

Plaintiffs each demand a trial by jury.

Respectfully submitted,
Plaintiffs Andrew S. Fairfield,
Tracy Fairfield, Megan Fairfield and
Erin Fairfield,
By their Attorney,

Robert H. Flynn (BBO #172900)
Flynn Law Firm, P.C.
27 Mica Lane
Wellesley, MA 02481
(781) 239-1005

Dated: December 8, 2004
Q:\Fairfield\Plead\cmplt rev ERISA.doc

11

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1.  Title of case (name of first party on each side only) ANDREW S. FAIRFIELD et al. v.

    MASSACHUSETTS STATE CARPENTERS HEALTH BENEFITS FUND et al.

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See
    local rule 40.1(a)(1)).

    [ ] I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    [X] II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,     *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.        for patent, trademark or copyright cases

    [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

    [ ] IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.                            04 12604 PBS

    [ ] V.   150, 152, 153.

3.  Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in
    this district please indicate the title and number of the first filed case in this court.

    _____

4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                                          YES [ ]    NO [X]

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See
    28 USC §2403)

                                                          YES [ ]    NO [X]

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                                          YES [ ]    NO [X]

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                                          YES [ ]    NO [X]

7.  Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of
    Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule
    40.1(d)).

                                                          YES [X]    NO [ ]

    A.  If yes, in which division do all of the non-governmental parties reside?

        Eastern Division [X]        Central Division [ ]        Western Division [ ]

    B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental
        agencies, residing in Massachusetts reside?

        Eastern Division [ ]        Central Division [ ]        Western Division [ ]

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If
    yes, submit a separate sheet identifying the motions)

                                                          YES [ ]    NO [ ]

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME  Robert H. Flynn

ADDRESS  27 Mica Lane, Wellesley, MA 02481

TELEPHONE NO.  (781) 239-1005

(Coversheetlocal.wpd - 10/17/02)

⬟JS 44 (Rev. 3/99)                            CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
ANDREW S. FAIRFIELD, TRACY FAIRFIELD, individually and as mother and next friend of MEGAN FAIRFIELD and ERIN

**DEFENDANTS**
MASSACHUSETTS STATE CARPENTERS HEALTH BENEFITS FUND, HARRY R. DOW and JAMES W. BUCKLEY, JR.

(b) County of Residence of First Listed Plaintiff  __Middlesex__
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed  __Middlesex__
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Robert H. Flynn, Esq., Flynn Law Firm
27 Mica Lane, Wellesley, MA 02481
(781) 239-1005

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                  and One Box for Defendant)

|  | PLF | DEF |  | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | ☐ 861 HIA (1395ff) | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 900 Appeal of Fee |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | | or Defendant) | Determination Under Equal Access to |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party | Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | 26 USC 7609 | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☒ 791 Empl. Ret. Inc. | | State Statutes |
| | | ☐ 550 Civil Rights | Security Act | | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause.
Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. s. 2201(a) and 29 U.S.C. s. 1001 et seq. Pursuant to ERISA
Declaratory Judgment

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE  12/08/04
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____